# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DE'MARIAN A. CLEMONS,

    *Plaintiff*,

vs.

JEFFREY PATTERSON, *et al.*

    *Defendants*.

2:10-cv-01453-JCM-LRL

ORDER

This *pro se* prisoner civil rights action comes before the court on plaintiff's application (#1) to proceed *in forma pauperis* and for initial review under 28 U.S.C. § 1915A. The court finds that plaintiff is unable to pay a significant initial partial filing fee, and the application therefore will be granted, subject to the remaining provisions herein. The court accordingly turns to initial review.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009).  That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief.  *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).]  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the amended complaint, plaintiff De'Marian Clemons brings claims under the Eighth Amendment for compensatory and punitive damages for allegedly inadequate medical care received while incarcerated at High Desert State Prison ("High Desert").  He brings claims against, in both their official and individual capacities, Assistant Warden Jeffrey Patterson, the "High Desert State Prison Medical Facility," Dr. Gary Graham, M.D., Correctional Officer Officer Norté, and Correctional Officer Thompson.

The complaint fails to state a claim upon which relief may be granted under the Eighth Amendment. In order to state a claim for relief for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

In the present case, plaintiff seeks to recover for "negligence," "malpractice," and "mental anguish." His allegations do not establish that any defendant in fact was subjectively aware of a serious medical need and then failed to at least to attempt to respond adequately. The allegations presented tend to establish instead that plaintiff was dissatisfied with the quality of the care that he received and that he regarded the defendants as "unprofessional" and incompetent. While he did not receive responses to his complaints and the scheduling of appointments as promptly as he would like in all instances, nothing in the allegations presented would tend to support an inference that any defendant actually was subjectively aware of a serious medical need and entirely failed to respond at any time. As to each incident alleged, the defendants ultimately responded and provided care, only not with satisfactory results.

The complaint accordingly fails to state a claim upon which relief may be granted.

Even if the complaint, *arguendo*, otherwise stated a viable federal claim, the complaint in any event fails to state a claim against the defendants in their official capacity. Plaintiff may not recover monetary damages from the defendants in their official capacity. First, claims for

1  monetary damages from the individual defendants in their official capacity are barred by state
2  sovereign immunity under the Eleventh Amendment.  *See,e.g., Taylor v. List*, 880 F.2d 1040,
3  1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002).  Second, state
4  officials sued in their official capacity for monetary damages in any event are not "persons"
5  subject to suit under 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S.
6  58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

7  Further, plaintiff may not sue a prison medical facility, such as the "High Desert State
8  Prison Medical Facility."  A medical department at a correctional facility is not a juridical
9  person that can be sued.

10  Moreover, the complaint does not state a claim against defendant Patterson in his
11  individual capacity.  There is no *respondeat superior* liability under § 1983.  An allegation of
12  inadequate supervision is insufficient to establish supervisory liability. A supervisor may be
13  held liable in his individual capacity only if he either was personally involved in the
14  constitutional deprivation or a sufficient causal connection existed between his unlawful
15  conduct and the constitutional violation.  *See,e.g., Jackson v. City of Bremerton*, 268 F.3d
16  646, 653 (9th Cir. 2001).  Plaintiff makes no allegations of actual fact that would provide a
17  basis for imposing liability on defendant Patterson.

18  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
19  is GRANTED that the application (#1) to proceed in forma pauperis is GRANTED.  Plaintiff
20  shall not be required to pay an initial partial filing fee.  However, even if the action is
21  dismissed, plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

22  IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action
23  to a conclusion without the necessity of prepayment of any additional fees or costs or the
24  giving of security therefor.  This order granting *forma pauperis* status shall not extend to the
25  issuance of subpoenas at government expense.

26  IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
27  Department of Corrections shall pay to the Clerk of the United States District Court, District
28  of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that

1  the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  **The clerk of court shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

IT FURTHER IS ORDERED that the clerk shall file the complaint ant that the complaint is DISMISSED for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-01453-JCM-LRL, above the word "AMENDED" in the space for "Case No."  Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The clerk shall provide plaintiff with a copy of the complaint together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, final judgment will be entered dismissing the action.

DATED:  December 16, 2010.

_____
JAMES C. MAHAN
United States District Judge